UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| HECTOR FUENTES, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUNSHINE BEHAVIORAL HEALTH GROUP LLC,<br><br>　　　　Defendant. | Case No. 8:20-cv-00487-JLS (JDEx)<br><br>STIPULATED PROTECTIVE ORDER |

　　　Pursuant to the Stipulation by Plaintiff Hector Fuentes ("Plaintiff") and Defendant Sunshine Behavioral Health Group LLC ("Sunshine" or "Defendant") for Authorization to Disclose Health Records and for a Protective Order (Dkt. 28, "Stipulation"), and for good cause, the Court finds and orders as follows.

　　　The Court accepts the parties' agreement that Sunshine has no "other way[]" of providing the Court and opposing counsel information it needs to respond to the allegations in the Complaint and that "[t]he public interest and need for disclosure of

such information outweigh the potential injury to the patient, the physician-patient relationship, and the treatment services provided by the Provider." 42 C.F.R. 2, Subpart E, § 2.64(d)(1) and (2), and based thereon, Sunshine may pursuant to 42 C.F.R. 2, Subpart E, § 2.64 disclose during the above-captioned litigation, those health records (the "Records") that are essential for the parties to use in this litigation, subject to the following limitations:

    1.    The Records shall not be further disclosed by either party to any person, except:

        a.    To Plaintiff's and Defendant's counsel of record in this action;

        b.    To employees of such counsel assigned to and necessary to assist in this action;

        c.    Consultants or experts to the extent deemed necessary by counsel;

        d.    To any person from whom testimony is taken or is to be taken, except that such a person may only be shown the Records during and in preparation for his/her testimony and may not retain the Records;

        e.    To the Court or the jury at trial or as exhibits to motions; and

        f.    In response to a court order or other lawful process.

    2.    Prior to disclosing or displaying the Records to any person, counsel shall:

        a.    Inform the person of the confidential nature of the Records, and

        b.    Inform the person of this Order.

    3.    If any party wishes to file the Records or any portion of the Records under seal with the Court, the parties shall comply with the Local Rule 79-5, et seq. No documents may be filed under seal except in accordance with Local Rule 79-5, et seq. The mere fact that a party contends a document falls within the definition of Records, without more, does not justify under seal filing. See Local Rule 79-5.2.2.

    4.    The Records may also constitute Protected Health Information ("PHI"). PHI shall have the same scope and definition as set forth in 45 C.F.R. §§ 160.103 and

164.501. PHI includes, but is not limited to, information (including demographic information) related to the past, present, or future physical or mental condition of an individual; the provision of care to an individual; the payment for care provided to an individual which identifies the individual or which reasonably could be expected to identify the individual; medical records; billing records; medical images; consultant reports; laboratory or other diagnostic testing results; and any other individually identifiable information. Any person or entity in possession of PHI shall maintain the information in a reasonably secure manner, and shall not reveal or discuss such information to or with any person not entitled to receive it, so that the PHI is not further disclosed or used in any manner inconsistent with this Order.

5. At the conclusion of this action, any Records that have not become part of the public record (and any copies thereof) shall be promptly (and in no event later than ninety (90) days after entry of a final judgment no longer subject to further appeal) returned or destroyed.

6. This Order governs pretrial matters only and does not control the use of materials at trial, which shall be decided by the trial judge.

Dated: June 23, 2020

_____
JOHN D. EARLY
United States Magistrate Judge